# Daniel M. Sharp et al., Plffs. in Err., *v.* Emanuel Wike et al., County Commissioners of Lebanon County.

Under the act of April 15, 1834, the recommendation of two successive grand juries, duly approved by the court of quarter sessions, that a new jail should be erected is not defeated by the fact that one grand jury couples with its recommendation a direction to the county commissioners to purchase a new site at a limited cost.

Such a direction, although it is an unwarranted attempt to restrict the discretion of the county commissioners, is nevertheless to be treated as mere surplusage.

(Argued May 4, 1887. Decided May 16, 1887.) ,

July Term, 1887, No. 65, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Lebanon County to review a judgment for the defendants in a case stated. Affirmed.

On April 25, 1887, it was agreed between Daniel M. Sharp *et al.*, citizens and taxpayers of Lebanon county, plaintiffs, and Emanuel Wike *et al.*, county commissioners of Lebanon county for a term of three years from January, 1885, defendants, that the following case be stated for the opinion of the court in the nature of a special verdict:

That the said county of Lebanon is seised and possessed of a certain lot or piece of ground situate in the city of Lebanon, in said county, fronting on the west side of South Eighth street

Cited in Bennett v. Norton, 171 Pa. 221, 32 Atl. 1112.

NOTE.—Under the act of April 15, 1834, county commissioners cannot purchase land and contract for the erection of public buildings until recommended by two successive grand juries. York v. Commissioners, 6 Watts, 229. And the same is true under the act of June 1, 1885. Bennett v. Norton, 171 Pa. 221, 32 Atl. 1112. But these acts do not refer to an exchange of lands. Gumpert v. Finn, 10 Kulp, 185. The recommendation must be approved by the court. Northampton County's Appeal, 57 Pa. 452. When this has been done, the county commissioners are bound to proceed. Com. ex rel. Dist. Atty. v. Marshall, 3 W. N. C. 182. But the selection of the site is within their discretion. *Re* Lackawanna County Jail Site, 6 Law Times N. S. 17. By the act of April 17, 1895, the county commissioners are bound to submit the plans and specifications of county buildings to the court of common pleas for its approval. Mahon v. Luzerne County, 197 Pa. 1, 46 Atl. 894.

67 8/12 feet, and extending back along Walnut alley 200 feet to Doe alley, on which is erected a jail building used and occupied as the county jail, sheriff's office, and sheriff's dwelling.

That the grand jury of the April sessions of 1886, *inter alia,* reported the following, *viz.:*

The grand inquest would further report to your honorable court that they acted on the plan submitted to them by the county commissioners for the erection of a new jail building; that they visited the jail and inspected the ground. They are of the opinion that the old jail is unfit, and recommend the building of a new jail, and approved of the plan submitted to them by the county commissioners. Therefore, they recommend the erection of a new jail, at a cost not exceeding $43,000 complete, including heating and plumbing, by a unanimous vote. A motion to erect a new jail on the old site was decided by a vote of eight in favor and twelve against. A motion that the county commissioners purchase a more desirable location at a cost not exceeding $5,000 was decided by a vote of twelve in favor and eight against it. Said report was filed among the records of the court of quarter sessions of the peace of said county, and was marked, "April 22, 1886, filed."

That the grand jury for the August sessions of 1886, *inter alia,* reported the following, *viz.:*

That they have visited the jail and condemn the same, and recommend the building of a new jail.

That said report was filed among the records of the court of quarter sessions of the peace of said county, and was marked "August 27, 1886, filed."

That afterwards the following order was indorsed on said report by the court, *viz.:*

December 27, 1886.

We hereby approve of the recommendation of the grand jury that a new jail be built.

John B. McPherson, A. L. J.
Joseph S. Louser,
Andrew Light,
　　　　　　　　Associate Judges.

That afterwards the following indorsement was made on said report by the county commissioners of said county, *viz.:*

January 31, 1887.

We, the commissioners of Lebanon county, do hereby approve

of the recommendations contained in the within report relative
to the building of a new jail.

E. Wike,

Geo. H. Spang,

H. S. Good,

County Commissioners of Lebanon County.

That on the same day the county commissioners of Lebanon
county passed the following resolution, as contained in the min-
utes of their proceedings had on said day, *viz.:*

*Whereas,* Two successive grand juries, *viz.,* of April and Au-
gust sessions of 1886, have recommended the building of a new
jail, and approved the plans submitted to them, and said recom-
mendations having been approved by the court of quarter ses-
sions, it was resolved that we approve of said recommendations
and proceed to build the jail in accordance with such plans, sub-
ject to such changes as may be suggested by the state board of
public charities and deemed necessary by the commissioners.

That in pursuance of the aforesaid reports of grand juries and
the approval of the court of quarter sessions of the peace of Leb-
anon county indorsed thereon, the county commissioners afore-
said are about to erect and construct a new jail on the site on
which the old jail is erected.

If the court be of the opinion that the said commissioners are
not authorized by the laws of the commonwealth, the aforesaid
reports of grand juries, and the approval of the court of quarter
sessions of the peace of Lebanon county, to erect a new jail upon
the ground now owned by the county, of their election, then
judgment to be entered for the plaintiffs, in the nature of a per-
petual injunction restraining said commissioners from erecting
and constructing a new jail; but if the court be not of that opin-
ion, then judgment to be entered for the defendants; costs to
follow the judgment, either party reserving the right to appeal.

On April 29, 1887, the court entered judgment for the de-
fendants, in the following opinion, by McPherson, J.:

The case stated submits the single question whether, upon the
facts set out, the commissioners have lawful authority to build a
new jail upon the old site. In our opinion they have such au-
thority.

Section 10 of the act of April 15, 1834 (P. L. 539), declares

that "it shall be lawful for the commissioners of any county, having first obtained the approbation of 'two successive' grand 'juries' and of the court of quarter sessions of such county to cause to be erected . . . when occasion shall require . . . such . . . buildings as may be necessary and proper for the purposes of a county jail . . . and if need be to purchase ground for the erection of such buildings."

Just how far this section goes we need not now decide; it goes far enough at least to authorize the commissioners to erect a new building on the old site, unless in some way their authority has been limited. The plaintiffs agree that this is so, and say that the limitation is to be found in the reports of the grand jury. They argue that the first report is a single, inseparably combined recommendation of a new building on a new site, and that as the second report is simply in favor of "a new jail," one of two results must follow, either: (1) The two reports do not recommend the same thing, in which case nothing can now be done by the commissioners; or (2) the words "a new jail," must be held to mean a new building on a new site, in which case the two reports do recommend the same thing and distinctly forbid the use of the old site.

Assuming, for the purposes of this case, but not deciding, that the question of a new site is within the province of the grand jury, we do not find here any binding action by that body upon this subject. As we understand the reports, the first grand jury decided that the old building was unfit and recommended the erection of a new one. This decision, they state, was unanimous, and seems to have been first and separately made. Then —all still agreeing that a new building somewhere was needed— they took up the question of site. Upon that there was a difference of opinion, and the report shows that a majority favored a new site. The question was distinct, however, and we think the grand jury meant it to be kept distinct, or they would hardly have taken the pains to separate it so carefully. If, when they recommended the erection of a new jail, they intended to include in this language a new site as well as a new building, it is not easy to explain why they went on to consider the question of site as if it were still undecided. As we regard it, the first report contains, not a single, inseparably combined recommendation, but two distinct and separate recommendations, one as to a new building, and the other as to a new site.

The second report refers only to a new building, saying nothing about the site; and the result is that there are two successive reports recommending the building, and only one report adding a recommendation concerning the site. We are unable to agree with the plaintiffs' view, that "a new jail" means here a new building on a new site. In some contexts they might bear that meaning, but in the reports before us we think these words refer only to the building. The court of quarter sessions so understood them, and its approval of "a new jail" also refers only to the building.

It thus appears that the commissioners were given authority to build, and were not forbidden to use the site now occupied. Assuming that the grand jury had the power to forbid, they did not exercise it. We are, therefore, of opinion that the commissioners have authority to build upon the old site.

This decides the only question submitted, and we can determine no other, although one or two further questions of importance were argued; for example, whether, although the commissioners may not be forbidden to build upon the old site, they also have the power to choose a new one. This has a close practical connection with the present dispute; for if they have this power they are not bound to use the old site, but may build elsewhere. The question is not properly before us, however, and we express no opinion thereon. We have examined the cases cited, but none of them rules the point submitted. Allegheny County v. Lecky, 6 Serg. & R. 166, 9 Am. Dec. 418; York v. Commissioners, 6 Watts, 229; Northampton County's Appeal, 57 Pa. 452; Com. *ex rel.* Dist. Atty. v. Marshall, 3 W. N. C. 182; Hull v. Lackawanna County, 6 Law Times N. S. 1.

As provided by the case stated, we direct judgment to be entered for the defendants.

In effect, this is a proceeding in equity, and is so recognized by the provision for an appeal. Possibly, however, a writ of error may be thought the proper remedy, and we will therefore seal an exception for plaintiffs.

The assignments of error specified the action of the court: (1) In construing the report of the first grand jury (April sessions, 1886), as containing two distinct and separate recommendations, one as to a new building and the other as to a new site; (2) in holding that the second report of the grand jury (August ses-

sions, 1886), refers only to a new building; and (3) in entering judgment for the defendants.

*P. H. Reinhard* for plaintiffs in error.

*J. G. Adams* and *J. P. S. Gobin* for defendants in error.

PER CURIAM:

Two successive grand juries did recommend the erection of a new jail, and the recommendation was approved by the court of quarter sessions. The fact that the first grand jury proceeded further to direct the county commissioners to purchase a more desirable location at a price specified does not defeat the main recommendation, for two reasons: the one is that it is distinct matter which may be separated from the former; the other is that it is an attempt to restrict the discretionary power of county commissioners as to the specific location, which is not warranted by the statute. It may, therefore, be treated as surplusage. It follows that judgment was correctly entered in favor of defendants.

Judgment affirmed.